**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**STEPHEN MICHAEL DICKS,**

**Plaintiff,**

**vs.** **Case No.: 4:23-CV-00004-MW-MAF**

**DEPUTY ROBERT FIPPS,**

**Defendant.**

**_____________________________/**

# REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil rights case, pursuant to 42 U.S.C. § 1983, followed by an amended complaint. ECF Nos. 1, 7.

The Court screened the complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construes Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). After careful consideration, for the reasons stated below, this case should be dismissed without prejudice because Plaintiff affirmatively misrepresented his litigation history and fails to properly state a claim for relief.

## I. Standard of Review

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted

where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).

This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in

which a plaintiff has maliciously abused the judicial process warrants dismissal.[1]

## II. Plaintiff's Amended Complaint, ECF No. 7.

Plaintiff sues Robert Fipps, a deputy with the Union County Sheriff's Office, in both his individual- and official capacities. ECF No. 7, p. 2. According to Plaintiff, on January 13, 2019, at approximately 12:21 a.m., Plaintiff "placed a disturbance call" from his home; and Deputy Fipps responded. Id., p. 5. Two hours later, Fipps conducted a warrantless, non-consensual search of Plaintiff's cell phone. Id. Plaintiff alleges Fipps searched the contents of Plaintiff's phone and took pictures of information, data, pictures, and other private content on the phone. Id., pp. 5-6. Plaintiff provides no details about how the search was conducted. Id.

Plaintiff maintains he had a "reasonable expectation of privacy" in his phone. Id., p. 6. Plaintiff states he was then arrested, at 11:00 a.m., in Columbia County, Florida on an "unrelated charge"; and Union County Case No. 63-2022-CA-00065 "stems from the unrelated arrest." Id. Plaintiff claims Fipps' actions violated the Fourth Amendment. Id., pp. 6-7. As relief, Plaintiff

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

seeks a declaration that his Fourth Amendment rights were violated; $500,000 in nominal damages; and $500,000 in punitive damages. Id., p. 7.

Plaintiff was required to respond truthfully to questions about his prior litigation history including any appeals. Id., pp. 8-12. Plaintiff listed two Union County cases: 63-2022-CA-00065, which is pending, and 63-2019-CF-0008. Id., pp. 10-11. Plaintiff also listed an appeal in Florida's First District Court of Appeal (DCA) No. 1D22-3395, filed on October 26, 2022, and pending. Id., p. 10. The complaint form provides the following warning: ". . . failure to disclose ***all*** prior cases—including, but not limited to civil cases, habeas cases, and appeals--may result in the dismissal of this case." Id., p. 8 (emphasis added).

## III. Plaintiff's Affirmative Misrepresentations

It bears noting that when Plaintiff filed his initial complaint, the Court identified certain deficiencies and issued an order directing Plaintiff to amend. ECF No. 6. The Court warned:

> Plaintiff is advised that he is required to disclose any state or federal lawsuits or appeals dealing with the same fats or issues involved in this case. A plaintiff's affirmative misrepresentations about his federal litigation history is a malicious action and amounts to an abuse of the judicial process which warrants dismissal . . .

ECF No. 4, pp. 10-11. Plaintiff then filed the amended complaint. ECF No. 7.

On the complaint form, Section VIII, Question B asks, "Have you filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case?" Id., p. 10. Plaintiff answered, "Yes." Id. Plaintiff identified 63-2019-CF-0008, claimed the case was filed in March 2022, and was dismissed on October 31, 2022. Id. Plaintiff states that the reason for the dismissal of the case was due to "the messages were not evidence App. A." Id. Plaintiff also listed First DCA No. 1D22-3395. Id.

As for Union County Case No. 63-2019-CF-0008, Plaintiff's information is deliberately misleading. Review of state court docket shows this is a *criminal case* – thus, it is not a case filed by Plaintiff.[2] On February 5, 2020, a jury convicted Plaintiff of attempted second degree murder and carrying a concealed weapon.[3] Plaintiff's affirmative response makes clear that this case deals with the same facts or issues involved in the instant case. ECF No. 7, p. 10. Furthermore, Plaintiff failed to disclose the appeal of his conviction in the First DCA.[4] See Dicks v. State of Fla., 328 So. 3d 401 (Fla. 1st DCA, Nov. 24, 2021).

---

[2] The Court takes judicial notice of Plaintiff's state criminal case and state appeals pursuant to Fed. R. Evid. 201 as well as Plaintiff's identification of the same. Cases in Union County can be found online at the following URL: https://www.civitekflorida.com/ocrs/county/63/disclaimer.xhtml. Accessed Feb. 27, 2023.

[3] See DE# 142 on the state criminal docket.

[4] Plaintiff filed a direct appeal in First DCA No. 1D20-2402.

Next, Question C asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 10. Plaintiff answered, "No." Id. Plaintiff's statement is false.

It is clear from the criminal docket that, after the final judgment, Plaintiff filed habeas petition pursuant to Fla. R. Crim P. 3.850 on March 3, 2022.[5] Plaintiff then filed a criminal mandamus petition in First DCA No. 1D22-3395, which remains pending.[6] Plaintiff also appealed the denial of his Rule 3.850 petition in First DCA No. 1D23-139. On the complaint form, Plaintiff listed just one appeal when he had at least three in the First DCA alone, two of which remain pending.

The complaint form contains a "Certification" section (Section IX(1)), which states: "*I declare, under penalty of perjury, that all of the information stated above (including all continuation pages) is true and correct.*" ECF No. 1, p. 12. Plaintiff signed the complaint under penalty of perjury. Id., p. 13.

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting

---

[5] See DE# 299 on the state criminal docket.

[6] See DE# 313 on the state criminal docket.

dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated. Plaintiff was required to disclose his litigation history under the penalty of perjury. Plaintiff's *pro se* status does not excuse him from conforming to the Rules. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff knew that accurate disclosure of his litigation history was

required, and dismissal of the instant action might result from any untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010) (affirming dismissal where prisoner failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits).

## IV. Futility of Claims under Heck v. Humphrey, 512 U.S. 477 (1994)

Even if Plaintiff had not affirmatively misrepresented his prior litigation history, the Complaint would still be dismissed because it is barred under

Heck v. Humphrey. Plaintiff acknowledged that the criminal case he listed (63-2019-CF-00088) deals with the same facts or issue involved in this case. ECF No. 7, p. 10.

There are “two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement.” McCarthy v. Bronson, 500 U.S. 136, 140 (1991 (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Habeas corpus is the exclusive remedy for a prisoner who challenges “the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of 1983.” Heck v. Humphrey, 512 U.S. 477, 481 (1994).

If Plaintiff desires to litigate issues in federal court that attack the validity of his criminal convictions or confinement, he must do so by initiating a habeas petition pursuant to 28 U.S.C. § 2254 and meeting all the requirements for such filing, including the exhaustion of his state court remedies. Further, a prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. See Heck, 512 U.S. at 487. As the Supreme Court has noted, the most obvious example of an action barred by Heck is

one in which the plaintiff seeks relief directly attributable to conviction or confinement.

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. Heck, 512 U.S. at 487.

Here, Plaintiff's underlying conviction in his criminal case remains intact; he appealed the denial of state habeas relief in First DCA No. 1D23-139, which remains pending. Because Plaintiff cannot prevail if the evidence leading to his conviction was obtained in violation of the Fourth Amendment, his claims are barred by Heck and should be dismissed.

Plaintiff will not be prejudiced by this dismissal. He may choose to initiate a new case presenting his claims in a complaint that follows the Rules governing these cases, subject to a new case number and filing fee. Dismissal is appropriate.

## V. Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because Plaintiff made affirmative misrepresentations relating to his litigation history. Alternatively, the case should be dismissed because it is barred by Heck v. Humphrey, 512 U.S. 477 (1994). The case should be **CLOSED** with an Order adopting this Report and Recommendation directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** this 27th day of February, 2023.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).