IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHEN MICHAEL DICKS,

    *Plaintiff*,

v.                                      Case No.: 4:23cv4-MW/MAF

DEPUTY ROBERT FIPPS,

    *Defendant.*
_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 15, and has also reviewed *de novo* Plaintiff's objections, ECF No. 18. Plaintiff raises several objections, which this Court will address in turn.

First, Plaintiff argues that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar his present suit because "at this stage of the proceedings and with the limited information before the court, it is unclear whether a finding in favor of Plaintiff in his Fourth [A]mendment claim would necessarily invalidate his sentence or conviction." ECF No. 18 at 3. Plaintiff is correct—a section 1983 suit challenging an unconstitutional search and seizure does not necessarily imply that an underlying state conviction is unlawful:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n.7 (internal quotations and citations omitted); *accord Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003).

However, Plaintiff's first amended complaint is still due to be dismissed because of his failure to disclose his previous lawsuits. In objecting to the Magistrate Judge's recommendation that this case be dismissed on this basis, Plaintiff argues that he did disclose two of the lawsuits that the Magistrate Judge identified as omitted from the first amended complaint. Assuming that Plaintiff is correct,[1] the Magistrate Judge noted that lawsuits other than these cases identified by Plaintiff were either misrepresented or not disclosed. *See* ECF No. 15 at 6. The misrepresentations and omissions separate from the lawsuits Plaintiff identifies in his objections justify a dismissal without prejudice on their own. *See Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (unpublished).

---

[1] This Court notes that Plaintiff's claim that he could not have disclosed one appeal because it was filed the day after he filed his first amended complaint in this lawsuit is dubious. Plaintiff mailed his first amended complaint on January 17, 2023, and he claims his appeal in state case number 1D23-139 was not filed until January 18, 2023. The docket in the state case, however, indicates that the notice of appeal was filed on January 17, 2023—not January 18, 2023. *See* https://acis.flcourts.gov/portal/court/b82b30d5-bd3c-46d7-9451-1cb05e470873/case/68cfd6e6-3b53-4814-856e-91d74afc9c86 (last accessed March 24, 2023).

Plaintiff also asserts that, while he failed to disclose two other lawsuits, he did not have to disclose them. Specifically, Plaintiff first claims that he did not need to disclose his petition for a writ of mandamus because, under his lay understanding of the proceeding, it technically is not a "lawsuit." ECF No. 18 at 3. Nevertheless, regardless of Plaintiff's uncertainty about whether the petition for a writ of mandamus should be disclosed, the form complaint instructed Plaintiff to "err on the side of caution if" he was "uncertain whether a case should be identified." *See* ECF No. 7 at 8.

Plaintiff claims that he did not need to disclose the second undisclosed lawsuit—the appeal of his 2020 conviction, which stemmed from the same facts underlying the present suit—because, at the time he filed the appeal, "the issue of the search had not come to light." *Id.* at 2. Even if the "issue of the search" may not have come to light, the *facts* underlying that appeal and the present case are the same—the allegedly unconstitutional search occurred during the investigation leading to his 2020 conviction.

In short, the clear instructions provided in the form complaint rebut both of Plaintiff's excuses.[2] Plaintiff was instructed to disclose his previous relevant lawsuits, but he declined to do so.

---

[2] Plaintiff also objects to the Magistrate Judge's observation that he failed to provide details of how the allegedly unconstitutional search was conducted. ECF No. 18 at 2. However, this observation has no bearing on his failure to disclose his previous lawsuits.

Accordingly,

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 15, is **accepted in part and rejected in part**, over the Plaintiff's objections, as this Court's opinion. The report and recommendation is accepted with the exception that this Court rejects the recommendation to dismiss the case under *Heck*.

2. The Clerk shall enter judgment stating, "Plaintiff's first amended complaint is **DISMISSED** without prejudice as malicious for abuse of the judicial process by making affirmative representations regarding his litigation history." The Clerk shall note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and counts as a "strike" under the Prison Litigation Reform Act.

3. The Clerk shall close the file.

**SO ORDERED on March 27, 2023.**

s/Mark E. Walker  
**Chief United States District Judge**
